## REFINING ASSOCIATES, Inc. v. UNITED STATES.

### No. 49699.

United States Court of Claims.

Jan. 13, 1953.

Edward J. O'Connor, Los Angeles, Cal., for plaintiff.

John B. Miller, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, Gordon F. Harrison, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This is a suit for $20,111.70 which plaintiff contends was wrongfully withheld by defendant from sums admittedly due plaintiff under two contracts for the delivery of oil lubricants. Defendant contends, in effect, that the sums so withheld were to compensate it for losses incurred by reason of plaintiff's breach of a part of one of the two contracts.

Plaintiff, a California corporation engaged in the business of buying and selling oil lubricants, on or about September 30, 1948, received an Invitation for Bids issued by the defendant, through the Armed Services Petroleum Purchasing Agency, under date of September 29, 1948, covering 26 separate and specific items of oil lubricants designated as items 1 to 26, to be delivered to defendant f. o. b. the supplier's port of choice, one-third of the quantity of each item in early November, one-third in late November, and one-third in early December, 1948.

The Invitation for Bids provided that the bids would be opened at 10:00 A.M. October 12, 1948, but by Addendum #1, accepted by plaintiff before submission of its bid, this time was extended until 10:00 A.M. October 15, 1948. It also provided that the bidder

"offers and agrees that if this bid be accepted within 15 calendar days * * * from the date of the opening, to furnish any or all of the items upon which prices are quoted at the price set opposite each item" U. S. Standard Form 22 (Instructions to Bidders), approved by the Acting Secretary of the Treasury July 13, 1939, 41 U.S.C.A. Appendix § 12.22,[1] was incorporated into the Invitation for Bids by reference.

Between September 30 and October 12, 1948, plaintiff, in compliance with the Invitation for Bids, and subject to all the conditions thereof, submitted its bid on each of the 26 items, and when the bids were opened, was found to be the low bidder on items 1, 7, 8, 9, 10, and 11. On October 21, 1948, six days after the opening of bids, and nine days before the expiration of the 15-day period specified in the bids, plaintiff sent the following telegram to defendant:

"Refer Our Sealed Bid IFB 49–2. Please Withdraw Our Bid On Navy Symbol Oil 2075 NS 2110 NS 3050 NS 5150 NS 5190 NS 6135 And NS 9370. We Are Unable Because Of Circumstances Beyond Our Control To Furnish Navy Qualification Numbers."

The first three symbol numbers in this telegram refer to items which are not involved in this suit, and the last four symbol numbers refer to items 7, 8, 9, and 10, in plaintiff's bid on which plaintiff was low bidder, as indicated above and these are the items involved in this suit. Items 1 and 11, upon which plaintiff was also low bidder, were supplied according to the contract, but payment therefor has been withheld by defendant along with payment due plaintiff under another contract, for reasons stated below.

On October 28, 1948, seven days following receipt of plaintiff's wire asking that its bid be withdrawn, defendant executed a purported written acceptance of plaintiff's bid, including the four disputed items, and assigned No. ASP–623 to the contract. Plaintiff was advised by telegram dated the same day of this acceptance. On November 3, 1948, plaintiff wired defendant that it accepted the terms of the contract, except as to the items specifically revoked by wire dated October 21, 1948.

On November 5, 1948, defendant wired plaintiff that the notice of revocation as to items 7, 8, 9, and 10 was considered to be without legal effect, and requested that it be advised as to whether these items would be delivered in accordance with the terms of the contract.

On November 12, 1948, plaintiff wired defendant stating that no contract existed as to items 7, 8, 9, and 10, because plaintiff's revocation was transmitted prior to defendant's acceptance. In this wire plaintiff further stated that the bid on these items was revoked because of "strike and impossibility of performance." It is plaintiff's position that the strike, mentioned in this wire for the first time, refers to a strike of refining employees of the oil companies on the Pacific Coast, which began on September 1, 1948 and continued until December 3, 1948, and to strike of longshoremen on the Pacific Coast, which started on August 25, 1948 and lasted until December 8, 1948.

By letter dated November 29, 1948, defendant advised plaintiff that pursuant to Section 13, "Delays-Damages," of the contract, the contract was terminated as to items 7, 8, 9, and 10, due to the contractor's default, and that purchase of these items would be made elsewhere, with the excess cost, if any, charged to the account of the contractor.

By letter dated January 17, 1949, defendant advised plaintiff that these items had been purchased from other suppliers at prices which exceeded plaintiff's bid prices by $20,111.70, and requested that plaintiff's check in this amount be forwarded to defendant. When this was not done, defendant accomplished collection of its claim against plaintiff by withholding the sum of $20,111.70 from moneys admittedly due plaintiff under this contract (items 1 and 11), and under another contract entered into with defendant for the delivery of oil lubricants.

It is not contended by plaintiff that the withholding of this sum was wrongful if a valid contract as to items 7, 8, 9, and 10

1. Now 41 U.S.C.A.Appendix § 54.12.

existed. The parties agree that the first issue for determination is whether or not under the facts of this case the attempted revocation was effective. Plaintiff contends that as the offer was revoked before acceptance, there is no contract. Defendant contends that the attempted revocation, after the opening of the bids and during the period agreed upon in which defendant might accept, was ineffective and that a valid contract was created by the Government's acceptance.

 It is conceded by defendant that under ordinary principles of contract law an offeror may withdraw his offer, not under seal or for a consideration, at any time before acceptance, and that his right of revocation exists even though the offeror agreed to keep the offer open for a time certain. Defendant contends, however, that this rule does not apply here, either because of regulations pursuant to which plaintiff's bid was submitted, or because government contracts constitute a well recognized exception to the general rule.

U. S. Standard Form 22, approved by the Acting Secretary of the Treasury July 13, 1939, 41 U.S.C.A.Appendix, § 12.22, which was incorporated by reference into the Invitation for Bids, provides in part as follows:

"12. Withdrawal of bids

"Bids may be withdrawn on written or telegraphic request received from bidders prior to the time fixed for opening. Negligence on the part of the bidder in preparing the bid confers no right for the withdrawal of the bid after it has been opened."

Section 2.303 of the Armed Services Procurement Regulations, effective May 19, 1948, 13 F.R. 3074, 3079, provides in part as follows:

"2.303 *Modification or withdrawal of bids*

"Bids may be modified or withdrawn, at any time prior to the time fixed for opening thereof, by written or telegraphic notice received prior to the time fixed for opening. After the opening of bids, no bid may be modified * * or withdrawn unless such modification

or withdrawal is received before the award has been made and either (a) failure of the modification or withdrawal to arrive prior to the time fixed for opening as due solely to a delay in the mails for which the bidder was not responsible or (b) modification is in the interest of the Government and not prejudicial to other bidders."

It is apparent from the facts in this case that if these regulations are controlling, the attempted withdrawal by plaintiff of its bid was without legal effect. Plaintiff contends that the regulations do not control, and that the application of them in this case would enforce a penalty upon plaintiff, and create out of the transaction a contract, where the fundamental elements of a contract are lacking.

 When the United States enters into contractual relations, its rights and duties are governed generally by the law applicable to contracts between private parties. Cooke v. United States, 91 U.S. 389, 398, 23 L.Ed. 237. It is plaintiff's contention that this rule applies to the case at bar.

This court, has, on many occasions, granted relief to plaintiffs seeking to withdraw or modify bids after the date of opening. In Alta Electric and Mechanical Co. v. United States, 90 Ct.Cl. 466, we held that where plaintiff made a mistake in its bid, it had the right to withdraw it after opening of the bids but prior to acceptance. The important factor here was that from the bid itself the defendant should have suspected the existence of the mistake. In Leitman v. United States, 60 F.Supp. 218, 104 Ct.Cl. 324, plaintiff contended that a telegraphic modification of his bid downward should be disregarded, as it had arrived an hour and forty minutes after the time set for the opening of the bids. We held that the rule that amendments to bids received after the opening are to be disregarded does not apply where the bid is already the lowest. Implicit in this decision is a recognition of the validity of the rule.

In Nason Coal Co. v. United States, 64 Ct.Cl. 526, we held that plaintiff could withdraw a bid submitted under an erroneous impression that delivery was to take place

a year after the submission of the bid, when in fact delivery was to take place immediately. In this case, plaintiff notified defendant of its mistake prior to acceptance, and we held that a subsequent acceptance of the bid by the War Department did not constitute a contract.

In these cases, however, elements not present in the instant case are found. The Alta and Nason cases are founded on mistake. In Leitman is found the fact that the regulation was for the protection of the government, and consequently under the facts of that case, the government having waived the benefit of the regulation, plaintiff was not allowed to take advantage of it.

In the instant case, plaintiff, in its original notice of revocation, asked that its bid be withdrawn "because of circumstances beyond our control." In its telegram dated November 12, 1948, plaintiff for the first time implies that the "circumstances" are the strikes and impossibility of performance. This telegram was dated 15 days after defendant's acceptance. There is no evidence that the strikes in any way affected plaintiff's ability to perform. These strikes had been in progress at least a month when plaintiff submitted its bid. In spite of this fact, plaintiff selected as his port of choice Los Angeles or San Francisco, where the strikes were going on. Plaintiff knew, or should have known, of the strikes at the time the bid was submitted. In the absence of evidence, plaintiff's contention that its revocation was due to the strikes is unjustified.

Scott v. United States, 44 Ct.Cl. 524, cited by both parties, involved the right of the plaintiff to recover a check submitted by him as a deposit along with his bid for leasing certain lands from the Commissioner of Indian Affairs. The deposit was made because of a regulation of the Indian Office, and approved by the Secretary of the Interior, which provided that in case any bidder receiving an award failed to execute the lease promptly, his deposit would be forfeited. On opening the bids, it was found that plaintiff was high bidder, whereupon plaintiff withdrew his bid. Pursuant to the regulation plaintiff's deposit was declared forfeited, and we held that the forefeiture was valid.

In effect, there was in the Scott case a bid bond, one of the purposes of which was to insure government agents a reasonable time after the opening of bids within which to consider them, and to determine which bidder was the highest responsible bidder. In the instant case, no such bid bond was required, but as a condition to bidding, it was provided by U. S. Standard Form 22, supra, and the Armed Services Procurement Regulations, supra, that after the opening of bids no bid might be withdrawn. Plaintiff submitted its bid subject to these provisions, and agreed that defendant should have 15 days from the date of opening to consider the bids. In so doing, plaintiff was accorded the right of having its bid considered on its merits, and this right was conditioned on the premise that the bid would remain open during the time specified.

■ Where there is no mistake, unreasonable delay, or the like, there can be no injustice in holding the bidder to the conditions of the Invitation for Bids. 30 Op. Atty.Gen. 56, 64. If, on the other hand, the bidder has the right of withdrawal in all cases, innumerable frauds could be perpetrated against the United States by the parties engaged in the bidding. Scott v. United States, supra.

■ There is no evidence that plaintiff's attempted revocation was due to any of the above factors. Accordingly, we hold that plaintiff's attempted revocation was ineffective, and that a valid contract was constituted upon timely acceptance by the government, under the facts and circumstances of this case.

We have considered plaintiff's contention that it was not, after advising defendant that it wished to withdraw its bid, a "responsible bidder" within the meaning of U. S. Standard Form 22 and the Armed Services Procurement Regulations, and hold that it is without merit. We have also considered the other authorities cited by plaintiff, and find them inapposite.

A valid contract existed in this case, and defendant, in withholding sums due plaintiff

to compensate it for excess costs incurred by reason of plaintiff's breach of contract, was within its rights under the contract. Accordingly, plaintiff is not entitled to recover, and plaintiff's petition is therefore dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, LITTLETON, Judges, concur.